ROBERT WISNIEWSKI P.C.
40 Wall Street, Suite 2833
New York, New York  10005
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JOSE ANGELO GUTIERREZ,

          Plaintiff,

    -against-

CITY REALTY, INC. and BETH HAMADRESH
SHAAREI YOSHER, INC.,

          Defendants.
------------------------------------------------------------------X

**Docket No.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Jose Angelo Gutierrez ("Plaintiff"), by his attorney, Robert Wisniewski, P.C., as and for his Complaint against defendants City Realty, Inc. ("City"), and Beth Hamadresh Shaarei Yosher, Inc. ("Yosher") (collectively "Defendants"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, lost wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the United States Department of Labor and codified at 29 C.F.R. § 552 *et seq.* (the "FLSA"); under the New York Labor Law and the various orders promulgated thereunder by the New York State Department of Labor and codified under 12 NYCRR §§138-143 as well as under the New York state common law for *quantum meruit* -- the reasonable value of the services rendered.

2. Plaintiff also brings this action for Defendants' failure to comply with the New York Labor Law ("NYLL") §195 for the failure to issue the Wage Notice and Wage Statements to Plaintiff.

3. Defendants are in the business of residential building management and leasing in the New York City area.

4. Plaintiff was employed by Defendants as a superintendent at a residential building Defendants operate and manage located at 1630 41st Street, Brooklyn, New York 11218 (the "Building").

5. Plaintiff regularly worked well over forty (40) hours per week for Defendants but was not compensated properly for all of the hours he worked, or for his overtime hours.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, at all relevant times herein, was and is a resident of the State of New York, Kings County.

7. Defendant City, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business 2562 Briggs Avenue, Bronx, New York 10458.

8. Upon information and belief, Defendant Yosher, at all relevant times herein, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 4102 Sixteenth Avenue, #10, Brooklyn, New York 11204, and a mailing address of P.O. Box 190438, Brooklyn, New York 11219.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the FLSA. This Court has jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

10. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that their employees handle goods and materials that have been manufactured or produced outside of New York (including tools, gardening equipment, cleaning materials, maintenance equipment and other items) and have moved in interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

11. This Court has personal jurisdiction over the Defendants in that they are incorporated in the State of New York and have their principal places of business therein.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this District, and the events giving rise to the claims herein occurred in this District.

## JURY DEMAND

13. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

### *Facts Relating to Plaintiff's Employment and Defendants' Wage Violations*

14. Defendants are in the business of residential building management and leasing of the Building, a 44-unit residential apartment building in Brooklyn.

15. At all relevant times herein, Defendant Yosher is the owner of the Building and Defendant Guardian has managed the Building for Defendant Yosher.

16. On or around August 15, 2014, Plaintiff entered into an oral contract with Defendant City, whereby Plaintiff would serve as the superintendent of the Building in exchange for a bi-

3

weekly wage of $300.00, or a weekly wage of $150.00, which as of January 2018 was increased to a bi-weekly wage of $650, or a weekly wage of $325.

17. Plaintiff understood that he would work only forty (40) hours in a week. However, in reality, Plaintiff worked from 54 to 64 hours in a workweek and was not properly paid by Defendants' predecessor.

18. As superintendent from his date of hire until December 31, 2017, Plaintiff's regular job duties included sweeping the staircases twice per day, sweeping the lobby, mopping the lobby daily, sweeping around the building daily, and putting and organizing the garbage pen over daily, which tasks required Plaintiff to work five hours per day.

19. Plaintiff's regular job duties also included putting out the garbage twice per week (on Tuesdays and Thursdays, on which days he normally worked until 5:00 p.m.), checking the boiler daily, taking care of leaks, installing window guards, repairing windows, and performing other minor repair jobs in the building and in the apartments. After January 2018 Defendant stopped sending out construction workers and had Plaintiff perform the work himself, which included repairs, renovations and construction work.

20. During the spring, summer, and fall months Plaintiff worked eight (8) hours per day on Mondays, Wednesdays, Fridays, and Sundays, nine (9) hours per day on Tuesdays and Thursdays, and four (4) hours on Saturdays, totaling fifty-four (54) hours per week.

21. During the winter months, from December to March, Plaintiff's daily workload increased, because in addition to the tasks described above he was required to remove snow from around the Building, which had a large street frontage, a task he performed with a shovel until buying a snow-removal machine in 2018.

22. During the winter months Plaintiff worked ten (10) hours per day Sunday through Friday, and four (4) hours on Saturdays, totaling sixty-four (64) hours per week.

23. During the period January 1, 2018, through August 16, 2018, Plaintiff was required to fill out Employee Timesheets, on which he was forced to put only seven (7) hours per day and no hours on Saturdays and Sundays, and a total of only thirty-five (35) hours per week. Defendants knew that these hours were false.

24. Although Plaintiff was paid a weekly rather than hourly wage, the nature of his work duties indicates that he was not exempt from the wage and overtime requirements of the FLSA. His work was manual in nature and did not require any particular expertise, talent, or training. Furthermore, he did not manage or supervise any employees, maintain any employee records, or possess the power to hire or fire anyone.

25. Throughout the course of his employment, Plaintiff performed construction, painting and other non-janitorial work, such that this type of work constituted approximately fifty per cent (50%) of his workweek.

26. Plaintiff performed his services – both janitorial and construction -- for Defendants in good faith, expecting to be paid wages appropriate for the trade.

27. Defendants continued to accept Plaintiff's work and gave Plaintiff instructions and work orders to perform work.

28. Considering the number of hours Plaintiff worked, Plaintiff's pay fell below the minimum wage, and Plaintiff was not paid any premium overtime rate of 150% of his regular rate for hours he worked in excess of forty (40) per week.

**[No More Text on This Page]**

### *Defendants' Failure to Pay Proper Wages Was Willful*

29. Defendants as employers have certain statutory obligations towards employees, including 1) paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and 2) making, keeping, and preserving proper payroll records.

30. Defendants were aware of their requirement to pay Plaintiff for every hour that he worked at least a minimum wage, and at the overtime premium of one-and-a-half times his regular rate for each hour worked in excess of 40 per week. Nevertheless, Defendants failed to pay Plaintiff proper wages.

31. During the course of his employment, Plaintiff received instructions and orders from Defendants regarding the work he was to perform even though Defendants never intended to pay him properly.

32. As such, the various violations of the law which are alleged herein were committed intentionally and willfully by Defendants.

33. Defendants further willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain proper and complete time sheets or payroll records.

34. At the very least, Defendants failed to take any steps to ascertain their duties with respect to the payment of wages to employees.

### *Facts Regarding Defendants' Violations of New York Labor Law §195.1 and §195.3*

35. In accordance with the New York Labor Law §195.1, as of January 2011, and as amended as of January 2015, at certain statutorily defined events, such as every January until 2015 and at the beginning of an employee's employment, or the change in the wage rate, Defendants had to present for signature to each employee a Wage Notice, which had to contain the following

6

wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name; (v) the employer's address; and (v) the employer's telephone number (the "Wage Notice").

36. Pursuant to New York Labor Law § 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages. Wage statements must include, among other information, "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

37. Plaintiff never received and never signed the Wage Notice or received any paystubs.

38. Defendants were aware or should have been aware that this practice was in violation of New York Labor Law, but continued to willfully engage in this unlawful practice.

39. Upon information and belief, Defendants continue to violate NYLL §195 to date.

***Defendants Are Joint Employers of Plaintiff***

40. Upon information and belief, Defendant City manages the building at which Plaintiff worked for Defendant Yosher.

41. Both Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rates and methods of payment of his wages and the maintenance of his employment records.

42. At all times relevant herein, Defendants have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and/or signing or issuing checks to employees.

43. At all relevant times, Defendants had operational control of the Plaintiff's employment by virtue of their financial control over the Plaintiff's wages.

44. As a matter of economic reality, both Defendants are joint employers of the Plaintiff and, as a result, both Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

### FIRST CLAIM FOR RELIEF
### (FLSA)

45. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

46. Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 201 et seq., and the regulations and policy statements issued under the FLSA in Title 29 of the Code of Federal Regulations, 29 C.F.R. 500 et seq., Plaintiff was entitled to be paid at least a minimum wage as well as an overtime hourly wage of time and one-half his regular hourly wage for all hours worked in excess of forty (40) hours per week.

47. Plaintiff was not paid for the hours he worked, whether at the minimum wage rate, regular rate or at the premium overtime rate for the hours he worked in excess of forty (40) hours per week for Defendants, and Defendants willfully failed to make said wage or overtime wage payments.

48. Plaintiff seeks a judgment for all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided for by the FLSA.

### SECOND CLAIM FOR RELIEF
### (*Quantum Meruit*)

49. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

50. Plaintiff performed work and services as a building maintenance superintendent and de facto construction worker and repairman.

51. Defendants accepted these services provided by Plaintiff by assigning Plaintiff those tasks and expecting him to perform them at all times.

52. Plaintiff had reasonable expectations of payment for the hours he worked for Defendants, but Defendants failed to remunerate him for all the hours he worked.

53. Plaintiff was entitled to payment for the unpaid hours he worked for Defendants at a rate that constitutes the reasonable value of his services, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Unpaid Wages and Overtime Wages under the NYLL)

54. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

55. Pursuant to the New York Labor Law and the Wage Orders issued under the New York Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiff was entitled to certain minimum wages, promised wages, overtime wages, spread-of-hours wages and other wages, all of which Defendants intentionally failed to pay in violation of such laws.

56. Plaintiff regularly worked in excess of forty hours per week for Defendants, but was not paid at least a minimum wage for hours up to forty (40), or the premium overtime wage for hours in excess of forty (40) whether at the rate that he had been paid by the predecessor or at a rate of one and one-half times his proper hourly rate for hours worked in excess of 40 per week.

57. In addition to performing regular, routine maintenance work as part of his normal duties as the Building superintendent, for which he was to be compensated per Building unit, Plaintiff was also required to perform, and did perform, extraordinary construction and repair work that was formerly performed by outside workers provided and paid by Defendants, for which

work Plaintiff was entitled to be paid by the hour rather than per Building unit, as well as overtime pay for hours worked beyond forty per week, yet for which work Plaintiff has been paid well below what he should have received.

58. Accordingly, Plaintiff seeks a judgment against Defendants for all wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the New York Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to Plaintiff, in addition to an award of attorneys' fees, interest and costs.

### FOURTH CLAIM FOR RELIEF
### (Violation of the New York Labor Law § 195.1 – Wage Notice)

59. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

60. New York Labor Law § 195.1 mandates that each employee employed by Defendants at certain statutorily defined times receive for signature a Wage Notice, which must contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations;

(iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

61. Plaintiff never received and never signed the Wage Notice.

62. Defendants' violations are continuing through the present.

63. As a result of Defendants' violation of NYLL § 195.1, Plaintiff is entitled to statutory damages up to $5,000 as provided for by NYLL § 195.1.

## FIFTH CLAIM FOR RELIEF
### (Violation of the New York Labor Law § 195.3 -- Wage Statement)

64. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

65. Pursuant to New York Labor Law § 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages. Wage statements must include, among other information, "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

66. In violation of the NYLL and the Wage Order, Defendants did not furnish Plaintiff with wage statements that showed his rate or rates of pay, the number of hours worked, or the proper pay rate for Plaintiff's overtime hours.

67. Plaintiff seeks damages allowed by the statute.

## SIXTH CLAIM FOR RELIEF
### (Violations of the New York City Administrative Code)

68. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

69. New York City Administrative Code Section 27-2052 provides that janitorial services entail "[c]leaning and maintenance, including the making of minor repairs; the furnishing of heat and hot water, . . . the removal of garbage ... and the removal of snow, ice . . . and other matter from the sidewalk and gutter."

70. Plaintiff was forced to perform work that fell outside the description of "minor repairs," in violation of Section 27-2052.

71. Defendants were aware, or should have been aware, that these practices were in violation of the New York City Administrative Code, but continued to willfully engage in said unlawful practices.

11

72. Upon information and belief, Defendants continue to violate said sections of the New York City Administrative Code to date.

73. As a result of Defendants' violation of New York City Administrative Code, Plaintiff is entitled to damages, in an amount determined at trial.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Liquidated damages pursuant to the FLSA and New York Labor Law;

3. Statutory damages of up to $5,000 as provided for by NYLL §195.1;

4. Statutory damages of up to $5,000 as provided for by NYLL §195.3;

5. Pre-judgment interest;

6. Plaintiff's costs and reasonable attorneys' fees;

7. Other damages in an amount to be determined at trial; and

8. Such other and further relief that the Court deems just.

Dated: New York, New York
March 7, 2020

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski
40 Wall Street, Suite 2833
New York, New York 10005
Tel. (212) 267-2101
Attorneys for Plaintiff